## WALLS v. ELLINGTON.

Circuit Court of Appeals, Sixth Circuit.
March 15, 1929.

No. 5112.

Paul C. Matthews, of New York City (Raymond Parmer, of New York City, of counsel), for appellant.

Charles H. Tuttle, of New York City (Edgar G. Wandless and Howard C. Campbell, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

Emmett W. Braden, of Memphis, Tenn. (Wilson, Gates & Armstrong, Julian C. Wil-

son, and Kenneth Rayner, all of Memphis, Tenn., on the brief), for plaintiff in error.

Ike W. Crabtree, of Memphis, Tenn. (Charles C. Crabtree, of Memphis, Tenn., on the brief), for defendant in error. .

Before HICKS, MACK, and HICKEN-LOOPER, Circuit Judges.

HICKS, Circuit Judge. Defendant in error, herein called plaintiff, was struck by a motortruck on Union avenue in Memphis, and sued plaintiff in error, herein called defendant, as the author of his injuries. There was a verdict and judgment for plaintiff. Defendant sued out a writ of error and here challenges the denial of a directed verdict. The insistence is that: (1) There was no evidence to establish the identity of the defendant as the driver of the truck; and (2) assuming the contrary, yet there is no evidence of his negligence.

 It is undisputed that on July 16, 1926, about 1 o'clock p. m., plaintiff parked his Chevrolet sedan fronting west against and parallel with the curb on the north side of Union avenue, Memphis, and in front of the place of business of Union Chevrolet Company. Plaintiff's purpose was to have Armstrong, sales manager of the Chevrolet Company, examine and appraise the car. He went into the place, told Armstrong his mission, and returned with him to the car. Plaintiff testified that he looked both ways, and, seeing nothing to indicate danger he, preceded by Armstrong, passed around the rear of the car. Armstrong entered the car, sat down in the driver's seat, started the motor, and was listening to it with his head down. The evidence in behalf of plaintiff is, in substance, that the door of the sedan was open to the left; that plaintiff was standing with his head in the open door, facing the interior of the car with his right foot on the running board; that he stood in this position a half minute to two minutes listening to the running motor, when a truck going west struck him on the hip and knocked him down, and he was picked up unconscious and severely injured at a point in the street 2 or 3 feet to the left and in front of the front wheels of the sedan and about 6 feet from the door. The door was found to be slightly sprung. Kelly, plaintiff's witness, observed plaintiff trying to rise and the truck coming to a stop about 20 feet ahead of the sedan. Armstrong felt a movement of the sedan, heard a noise, looked up, saw plaintiff down in the street, and the truck moving off. He went to the office, called an ambulance by telephone, returned, saw the truck parked near the right curb, and on going to it to get the license numbers met the defendant returning to the scene. The license numbers were those of a truck driven by defendant. The defendant admits that he saw the car when he was 50 or 60 feet from it and just before he crossed Camilla street, which we assume to be the first cross street in the rear. He further testified that at that time some one blew, that he turned slightly to the right, then to the left, and that he had been driving in a straight east and west line 40 or 50 feet back and east of plaintiff's car before reaching it; that he never saw plaintiff, but that he saw the car and was never closer to it than 3 feet; that he was driving straight when he passed the car; and that the back of his truck was never nearer to the car than the front. He further testified that he did not see Armstrong and plaintiff walk from behind the sedan and get into it; that he did not see the open door of the sedan or a man standing at the door; that he was traveling at the rate of 12 to 15 miles an hour and knew nothing of the accident until told of it by two men passing in the same direction.

This brief review of the material testimony is not made for the unauthorized purpose of weighing the evidence, but in an effort to determine whether there was any sufficient evidence to sustain plaintiff's declaration. We conclude that the evidence was sufficient, that it amply supports the verdict, and that the court correctly overruled the motion to direct. The jury was justified in concluding that the defendant struck the plaintiff, and that he did not see him when in the exercise of due care he should have seen him, or that, if he saw him, he failed to properly protect him.

The judgment is therefore affirmed.